Chief Justice Bibb
deliyered the Opinion of the Court.
Brown declared against Greathouse and Carrico for trespass vi et art\ús, et de bonis aspor-: tatis; the defendants pleaded not guilty; the jury found the issue for the plaintiff, and assessed his damages at one hundred and twenty dollars, for ■which judgment was rendered. The defendants mo vpel for a new trial and assigned for cause, that the *281 verdict is against evidence: 2nd, that the court misdirected the jury; the court overruled the motion.
Bill of excep ■ tion.
Sale of the property to . Brown, under Carrico’s distress warrant.
Property afterwards sold to defendant under execu, tion in favor of Carrico.
Motion for instruction overruled, and the instructions ef the court.
In the progress of the trial, the defendants took a bill of exceptions, which presents tl>e only question in the cause; for there is no exception to the opinion of the court upon the motion for the new trial, nor is the whole evidence stated.
The plaintiff, Brown, purchased the cattle and hogs at a public sale, made at the instance of Carrico,"by virtue of a distress warrant, issued by a justice, at the instance of Carrico, against Stanley P. Gower. After this purchase, Brown put the cattle into a pasture, which he had previously rented of Gower, his brother-in-laW, and employed Mr. Welsh, another brother-in-law, to salt the cattle, for the plaintiff Brown. Gower was about to move out of the county, but staid some weeks after the sale, and then did remove. During his stay, Gower’s family milked several of the cows which were of the stock of cattle purchased by the plaintiff Brown, after the sale; Mr. Hardin advanced for the plaintiff the purchase money.
The defendants gave in evidence a judgment in favor of Carrico, and an execution issued thereon, and put into the hands of the sheriff subsequently tó the former sale, made at the instance of Carrico, and purchase of Brown; which last execution Carrico caused to be levied upon the hogs and cattle formerly sold and purchased by Brown, under the distress warrant, and by force of this last execution, the hogs and cattle were taken and carried away from the plaintiff.
The defendants moved the court to instruct the jury, that if they believed that the hogs and cattle were left by Brown, in the possession of Gower, it was a fraud in law, and they must find for the defendants; the court refused that instruction, but directed the jury, that if they believed from the whole evidence, that the purchase of the hogs and cattle by Brown, was colorable and fraudulent, they must find for the defendants; to the opinion of the court, in refusing to give the instruction as asked} the defendants excepted.
Purchase at public auction from an officer of the law, fairly 'made, is not rendered void by the purchaser leaving the property in possession of the former owner.
Evidence did not conduce to prove ‘fraud.
Crittenden and Denny, for appellants-.
This court cannot perceive any ground of just exception by the defendants below to the opinion of the court; it placed the cause before the jury upon the proper and only just cause for vitiating the purchase of Brown, and justifying the subsequent acts of Carrico, in causing the property to be seized in execution of his judgment. It cannot be admitted as a legal proposition, that a purchase, at public auction, from an officer of the law, fairly and openly made, is rendered null and fraudulent, because the purchaser leaves the property in the possession of the former owner. Such an open public purchase and transfer of property, does not come within the reason of the case of Hamilton vs. Russell, (1 Cranch,) -and the cases decided upon private sales between vendor and vendee. The publicity of the transaction divests it of its tendency to deceive others; and the court placed the subject upon the proper inquiry, whether the purchase by Brown was only colorable and to the use of Gower. But the court might have refused the instruction, as a mere abstract proposition, not bottomed on any color of evidence. The plaintiff Brown had put the cattle into a field which he had previously rented, and employed a person to look to them for him. The milking of some of the cows by Gower’s family, (not even proved to be by permission of Brown,) was no evidence of a possession in Gower, whereon to ground the instructions moved.
Judgment affirmed with damages and costs.